FRANCESCO   SANTOMASSIMO,   ADMINISTRATOR,   ETC., PLAINTIFF, v. NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY, DEFENDANT.

Submitted March 21, 1918—Decided November 12, 1918.

1. Where an employe of a railroad company, while at work upon the tracks, in endeavoring to get out of the way of a passenger train, stepped in front of a freight train upon an adjacent track and was killed, and there was evidence from which the jury was justified in finding that the signal of the approach of the passenger train was not given until it was so close to the employe that he was compelled to act without having time to consider or observe whether, in attempting to avoid the danger, he would reach a place of safety or a place of equal danger, it was a jury question whether the engineer of the passenger train was not guilty of negligence in failing to give the warning signal soon enough to enable such employe to discover whether it would be dangerous to step over on to the freight track.

2. Under the Federal Employers' Liability act, an employe does not assume the risk which arises out of the negligence of a fellow employe.

3. In order that a certificate, made by a municipal officer in a foreign country, may be admissible in evidence on the theory that it is made evidential by the provisions of a treaty with such foreign country, it must appear that such certificate is such a paper as is contemplated by the treaty and authenticated in accordance therewith.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the rule, *George S. Hobart.*

*Contra, Ira C. Moore, Jr.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This was an action brought under the Federal Employers' Liability act, to recover damages for the pecuniary loss sustained by the widow and children of Francesco Di Pierro, an employe of the defendant company, who was killed while in the performance of his duty as a track walker. The proofs showed that while the decedent was walking upon the eastbound passenger track of the defendant company, inspecting the rails, a passenger train approached him from the rear, and, as it approached, blew a warning whistle; that almost immediately after the whistle was blown the decedent stepped off the passenger track over on to the eastbound freight track, just in time to be struck by the engine of a freight train traveling thereon.

The trial resulted in a verdict for the plaintiff, the amount awarded being $3,500.

The first ground upon which we are asked to grant a new trial is that the verdict of the jury, which, of course, rests upon a finding by it that the defendant, or its servants, were negligent, was against the clear weight of the evidence.

We think that the jury was justified from the proofs submitted in finding the following facts: 1. That it was the custom in the operation of the defendant company's trains to

give a warning signal, consisting of several short blasts of the whistle, whenever anybody, whether an employe or stranger, was seen walking on the track in apparent unconsciousness of the approach of a train. 2. That Di Pierro was unconscious of the approach of the passenger train from his rear until the engineer of that train blew the warning signal. 3. That this signal was not given until the passenger train was so close to Di Pierro that he was compelled to act almost automatically in leaving the passenger track in time to escape the danger of being struck by the passenger train; that is to say, without having time to consider or observe whether, in attempting to avoid the danger threatening from his rear, he would reach a place of safety, or a place of equal danger. If the jury found these facts it was then for them to determine whether the engineer of the passenger train was not guilty of negligence in failing to give the warning signal to Di Pierro soon enough to enable him to discover whether it would be dangerous to step over on to the freight track. The presumption is that the jury resolved all of these factors against the defendant company, and we cannot say that they were not justified in doing so under the evidence submitted to them.

It is next argued that the rule should be made absolute for the reason that Di Pierro assumed the risk of just such an accident as that which brought about his death, and it is said that all the authorities hold this view. We do not so understand the trend of the decisions. Under the federal statute an employe does not assume a risk which arises out of the negligence of a fellow employe. If in the present case Di Pierro had received timely notice of the approach of the passenger train by the blowing of the warning signal, and had, nevertheless, been killed, his death would have been the result of a risk assumed by him, and growing out of his employment. But, as we have already said, the jury has declared that the negligence of the engineer of the passenger train was the producing cause of the death, and, consequently, the doctrine of assumption of risk has no application to the situation exhibited by the facts in the present case.

It is next alleged that the verdict is excessive. We are not impressed with the argument of counsel upon this point, and content ourselves with saying we do not consider it so.

Lastly, it is argued that the verdict should be set aside because of the entire absence of proof of the existence of a widow or children of the decedent. The only evidence offered on behalf of the plaintiff as to the existence of such dependents was a certificate from the mayor of the town of S. Nicola Manfredi in the kingdom of Italy, which was in the following words: "The mayor does certify that from the population docket it appears that the family of Di Pierro Francesco, son of Michael Angelo, owns nothing; that it is composed—first, Di Pierro Francesco, son of Michael Angelo, born VIII-12-1875; second, Barricella Anna, daughter of Guiseppe, wife, born on XI-5-1876; third, Di Pierro Michele, son of Francesco and Barricella Anna, son, born on VIII-18-1901; fourth, Di Pierro Vincenzo, son of said parents, born on IX-17-1907." Signed, "The mayor, Cerza V." This certificate was received in evidence over the objection of the defendant, and its admission is attempted to be justified by the plaintiff on the theory that it is made evidential by a provision in the treaty between Italy and this country, which declares that copies of papers relative to contracts made between designated parties, and "official documents of all kinds, whether originals, copies or translations duly authenticated by the consuls general, consuls, vice-consuls and consular agents, and sealed with the seal of office of the consulate, shall be received as evidence in the United States and Italy." We do not think that this certificate is an official document within the meaning of the treaty. It may be that the "population docket" referred to in the certificate comes within the scope of the treaty (although this is not shown by the proofs), and if it does, then the proper method of proof would be by a duly exemplified copy thereof. But clearly there is nothing in a mere certificate of a municipal officer as to what in his opinion is shown by the records of his town to bring it within the scope of the treaty, unless such a certificate is made an "official document" by the law of Italy,

and there is no suggestion that this is the fact, much less any attempt to prove that it is.

For the reason last mentioned the rule to show cause will be made absolute.